IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **RUSSEL A. COX,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-310-ALM |
| | § | |
| **FIRST UNITED BANK & TRUST,** | § | |
| | § | |
| *Defendant.* | § | |

## JOINT 26(f) CONFERENCE REPORT

Pursuant to the Court's Order [Doc. 6] and Federal Rule of Civil Procedure 26(f), Plaintiff Russel A. Cox ("Plaintiff") and Defendant First United Bank & Trust ("Defendant") (collectively the "Parties") file this Joint 26(f) Conference Report. The conference was conducted informally by email. Robert C. Newark, III appeared on behalf of Plaintiff and Shelley L. Hopkins appeared on behalf of Defendant.

1. **A brief factual and legal synopsis of the case.**

    RESPONSE: Plaintiff brought this lawsuit against Defendant to prevent foreclosure of the subject property and asserts claims against Defendant for negligence, violation of Texas Prop. Code Ann. Ch. 51, breach of contract, and injunctive relief. Defendant asserts that Plaintiff's claims fail as a matter of law.

2. **The jurisdictional basis for the suit.**

    RESPONSE: Jurisdiction is premised on diversity of citizenship as Plaintiff is a citizen of Texas and Defendant is a citizen of Oklahoma.

3. **A list of the correct names of the parties to this action and any anticipated additional or potential parties.**

RESPONSE: The Parties are named correctly herein. The Parties do not anticipate any additional parties.

4. **A list of any cases related to this case pending in any state or federal court, identifying the case numbers and courts along with an explanation of the status of those cases.**

    RESPONSE: The Parties are not aware of any related cases.

5. **Confirm that initial mandatory disclosure required by Rule 26(a)(1) and this order has been completed.**

    RESPONSE: Plaintiff served initial mandatory disclosures on May 2, 2022. Defendant served initial mandatory disclosures on May 16, 2022.

6. **Proposed scheduling order deadlines.**

    RESPONSE: *See* Exhibit A, the Proposed Scheduling Order.

7. **Describe in accordance with Rule 26(f):**

    (i) **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues**.

    RESPONSE: Discovery may be needed on the loan history and Plaintiff's payments, failure to make payments and request for assistance. Discovery can be completed by October 5, 2022. It will not be necessary to conduct discovery in phases as the issues herein are relatively straightforward.

    (ii) **Any issues relating to disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (whether native or some other reasonably usable format) as well as any methodologies for identifying or culling the relevant and discoverable ESI.**

> **Any disputes regarding ESI that counsel for the parties are unable to resolve during conference must be identified in the report.**
>
> RESPONSE: The Parties agree to exchange ESI in pdf or paper format.

**(iii)** **Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including electronically stored information and any agreements reached under Federal Rule of Evidence 502 (such as the potential need for a protective order and any procedures to which the parties might agree for handling inadvertent production of privileged information and other privilege waiver issues). A party asserting that any information is confidential should immediately apply to the court for entry of a protective order. Unless a request is made for modification, the court will use the form found on the Eastern District website.**

RESPONSE: The Parties do not anticipate issues concerning these topics. At this time, there are no causes of action asserted herein that will require the release of privileged material.

**(iv)** **Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and other limitations that should be imposed.**

RESPONSE: No changes.

**(v)** **Whether any other orders should be entered by the Court pursuant to Federal Rule of Civil Procedure 26(c) or 16(b), (c).**

RESPONSE: None.

8. **State the progress made toward settlement, and the present status of settlement negotiations, including whether a demand and offer has been made. If the parties have agreed upon a mediator, also state the name, address, and phone number of that mediator, and a proposed deadline for mediation. An early date is encouraged to reduce expenses. The Court will appoint a mediator if none is agreed upon.**

    RESPONSE: The Parties have conducted some informal settlement negotiations at this time and are leaving the lines of communication open.

9. **The identity of persons expected to be deposed.**

    RESPONSE: Plaintiff and Corporate Representative of Defendant.

10. **Estimated trial time and whether a jury demand has been timely made.**

    RESPONSE: The Parties estimate that trial will require one day. No jury demand has been made.

11. **The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client).**

    RESPONSE: Robert C. Newark, III will appear on behalf of Plaintiff. Shelley L. Hopkins or Robert D. Forster, II will appear on behalf of Defendant.

12. **Whether the parties jointly consent to trial before a magistrate judge.**

    RESPONSE: Plaintiff does consent to trial before a magistrate judge. Defendant does not consent to trial before a magistrate judge.

13. **Any other matters that counsel deem appropriate for inclusion in the joint conference report or that deserve the special attention of the Court at the management conference.**

RESPONSE: None at this time.

Respectfully submitted,

By: /s/ *Shelley L. Hopkins*
Shelley L. Hopkins
State Bar No. 24036497
HOPKINS LAW, PLLC
3 Lakeway Centre Ct., Suite 110
Austin, Texas 78734
(512) 600-4320
BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP - *Of Counsel*
ShelleyH@bdfgroup.com
shelley@hopkinslawtexas.com

Robert D. Forster, II
State Bar No. 24048470
BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP
4004 Belt Line Road, Ste. 100
Addison, Texas 75001
(972) 386-5040
(972) 341-0734 (Facsimile)
RobertFO@bdfgroup.com

**ATTORNEYS FOR DEFENDANT**

By: /s/ *Robert C. Newark, III*
Robert C. Newark, III
State Bar No. 24040097
A Newark Firm
1341 W. Mockingbird Lane, Suite 600W
Dallas, Texas 75247
Tel: (866) 230-7236
Fax: (88) 316-3398
office@newarkfirm.com

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

   I hereby certify that on this 16th day of May 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and will send a true and correct copy to the following:

***VIA ECF*:**
Robert C. Newark, III
A Newark Firm
1341 W. Mockingbird Lane, Suite 600W
Dallas, Texas 75247
office@newarkfirm.com
**ATTORNEYS FOR PLAINTIFF**

                /s/ *Shelley L. Hopkins*
                Shelley L. Hopkins